IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KRYSTLE JOHNSON | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO._____ |
| | § | |
| SHARKNINJA MANAGEMENT LLC | § | |
| AND SHARKNINJA OPERATING LLC | § | |
| *Defendants.* | § | _____ JURY TRIAL REQUESTED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Krystle Johnson ("***Plaintiff***") files this Original Complaint against Defendants SharkNinja Management LLC and SharkNinja Operating LLC (collectively referred to as the "***Defendants***") and would respectfully show the Court as follows:

### PARTIES

1.      Plaintiff Krystle Johnson is an individual who is a resident of Harris County, Texas.  She was severely injured due to Defendants SharkNinja Management LLC and SharkNinja Operating LLC's defective product, a pressure cooker, at her home in Harris County, Texas.  Plaintiff may be served through the undersigned counsel.

2.      Defendant SharkNinja Management LLC is a Delaware limited liability company with its principal place of business in Needham, Massachusetts.  Defendant SharkNinja Management LLC may be served through its registered agent, CT Corporation System, at 1999 Bryan Street, Ste. 900, Dallas, Texas, or wherever they may be found. Plaintiff requests issuance of citation to Defendant SharkNinja Management LLC.

3.     Defendant SharkNinja Operating LLC is a Delaware limited liability company with its principal place of business in Needham, Massachusetts.  Defendant SharkNinja Operating LLC may be served through its registered agent, CT Corporation, at 1999 Bryan Street, Ste. 900, Dallas, Texas, or wherever they may be found.  Plaintiff requests issuance of citation to Defendant SharkNinja Operating LLC.

## MISNOMER/ALTER EGO

4.     In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein.  Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## JURISDICTION AND VENUE

5.     This Court has diversity jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff is a citizen of the State of Texas and Defendants are domiciled in the states of Delaware and Massachusetts.  Therefore, there is complete diversity of citizenship.  Further, Plaintiff's damages are in excess of $75,000.00, excluding interest and cost.  Therefore, the amount-in-controversy exceeds $75,000.00.

6.     This Court has specific personal jurisdiction over Defendants because the defective pressure cooker at issue, which was manufactured, marketed, and/or sold by Defendants, was purchased in Texas by a citizen of Texas.  Further, Defendants' pressure cooker injured Plaintiff at her home in this District of the State of Texas.

7.     Further, this Court has specific personal jurisdiction over Defendants because they respectively conduct substantial business in this State, including, but not limited to, advertising, selling, and delivering their respective products and services into the stream of

commerce with the expectation that they would be purchased by consumers within the State of Texas. Therefore, Defendants have purposefully availed themselves of the protections, privileges, and obligations of Texas law, and their minimum contacts with Texas satisfy due process requirements such that traditional notions of fair play and substantial justice would not be offended by this Court's exercise of personal jurisdiction over Defendants.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this District and due to Defendants' substantial contacts with this District, including their marketing and sale of pressure cookers and other products in this District.

## FACTUAL BACKGROUND

9. On or about August 17, 2024, Plaintiff owned and used Defendants' Ninja Foodi Cooker, Model Number OP402Q, Serial Number X16KJ202A7R9 (the "***Subject Pressure Cooker***").

10. The Subject Pressure Cooker was designed, manufactured, and introduced into the stream of commerce by Defendants, who were engaged in the business of designing, manufacturing, licensing, testing, advertising, marketing, warranting, selling, and distributing various types of household items, including the type of pressure cooker which injured Plaintiff.

11. On or around August 17, 2024, Plaintiff attempted to use the Subject Pressure Cooker as instructed when, without warning, during typical use, the Subject Pressure Cooker exploded, causing severe burns to Plaintiff's face, chest, arms, and upper torso.

12. As a result, Plaintiff suffered serious bodily injuries and serious loss for which she seeks redress.

**CAUSES OF ACTION AGAINST DEFENDANTS**

**A.      Design Defect**

13.     Plaintiff incorporates by reference all paragraphs of this Complaint here.

14.     At all material times, Defendants were engaged in the business of designing, manufacturing, marketing, distributing, assembling, selling, and/or otherwise intentionally placing pressure cookers into the stream of commerce and into Texas, including the Subject Pressure Cooker.

15.     It was the duty of Defendants to design, manufacture, test, market, advertise, label, distribute, and sell Ninja Foodi(s) so they are reasonably safe for foreseeable use.

16.     At the time the Subject Pressure Cooker left the hands of Defendants, it contained one or more conditions that rendered it defective and unreasonably dangerous in light of its nature and intended use.

17.     At all relevant times, the Subject Pressure Cooker was used in the manner intended, recommended, or reasonably foreseeable by Defendants.  There were and are no other reasonable, secondary causes of Plaintiff's injuries and damages other than the use of the Subject Pressure Cooker.

18.     The Subject Pressure Cooker was defectively designed, as such defects rendered the Subject Pressure Cooker unreasonably dangerous to users, operators, bystanders, and other persons in the proximity of the Subject Pressure Cooker.  When it left the hands of Defendants, the foreseeable risks exceeded the benefits associated with the design and/or formulation of this product.

19.     Defendants were negligent and grossly negligent and the Subject Pressure Cooker and/or its components were defective and unreasonably dangerous because of, among other things:

a.   Failure to properly test the Subject Pressure Cooker and/or its components;

b.   Failure to properly design the Subject Pressure Cooker and/or its components;

c.   The Subject Pressure Cooker's heating mechanism that allowed water, food, and steam within the pressure cooker to heat to a degree that is dangerous for human contact;

d.   The Subject Pressure Cooker's venting mechanism that allowed for and kept pressure in the pressure cooker, leading to catastrophic failure;

e.   Failure to design the pressure cooker to withstand anticipated use;

f.   Failure to incorporate any safety locking mechanism to prevent the opening of the pressure cooker when the cooker is pressurized.

20.     Therefore, the Subject Pressure Cooker was defectively designed, manufactured, tested, distributed, and sold, making the Subject Pressure Cooker unreasonably dangerous.

21.     The defective design, testing, distribution, sale, and supply of the Subject Pressure Cooker both directly and proximately caused the Plaintiff's injuries.

22.     Safer alternative designs of pressure cookers are available and currently marketed by Defendants.

23.     Defendants failure to use a safer alternative design was reckless, willful, wanton, heedless, and in flagrant disregard of public safety.  Therefore, Plaintiff is entitled to recover actual and punitive and/or exemplary damages in an amount to be determined by the trier of fact.

**B.** **Manufacturing Defect**

24.    Plaintiff incorporates by reference all paragraphs of this Complaint here.

25.    At all material times, Defendants were engaged in the business of designing, manufacturing, marketing, distributing, assembling, selling, and/or otherwise intentionally placing pressure cookers into the stream of commerce and into Texas, including the Subject Pressure Cooker that proximately caused Plaintiff's injuries.

26.    It was the duty of Defendants to design, manufacture, test, market, advertise, label, distribute, and sell the Ninja Foodi(s) so they are reasonably safe for foreseeable use.

27.    At the time the Subject Pressure Cooker left the hands of Defendants, it contained one or more conditions that rendered it defective and unreasonably dangerous in light of its nature and intended use.

28.    At all relevant times, the Subject Pressure Cooker was used in the manner intended, recommended, or reasonably foreseeable by Defendants.  There were and are no other reasonable, secondary causes of Plaintiff's injuries and damages other than the use of the Subject Pressure Cooker.

29.    The Subject Pressure Cooker was defectively manufactured, and such defects rendered the Subject Pressure Cooker unreasonably dangerous to users, operators, bystanders, and other persons in proximity to the Subject Pressure Cooker.  When it left the hands of Defendants, the foreseeable risks exceeded the benefits associated with the manufacture and/or formulation of this product.

30.    Defendants were negligent and grossly negligent and the Subject Pressure Cooker and/or its components were defective and unreasonably dangerous because of, among other things:

a.   Failure to properly manufacture the Subject Pressure Cooker and/or its components;

b.   Using faulty components when manufacturing the Subject Pressure Cooker;

c.   Deviating from the expected and/or promised quality, specifications, and/or performance, including of other mass labeled siblings; and

d.   Failing to properly manufacture, design, construct, fabricate, produce, and/or assemble the Subject Pressure Cooker.

31.   Therefore, the Subject Pressure Cooker was defectively designed, manufactured, tested, distributed, and sold, making the Subject Pressure Cooker unreasonably dangerous.

32.   The defective manufacturing, design, testing, distribution, sale, and supply of the Subject Pressure Cooker both directly and proximately caused Plaintiff's injuries.

33.   Defendants' failure to properly manufacture the Subject Pressure Cooker was reckless, willful, wanton, heedless, and in flagrant disregard of public safety.   Therefore, Plaintiff is entitled to recover actual and punitive and/or exemplary damages in an amount to be determined by the trier of fact.

## C.   Marketing Defect / Failure to Warn

34.   Plaintiff hereby incorporates by reference all paragraphs in this Complaint here.

35.   At all relevant times, Defendants were engaged in the business of designing, manufacturing, marketing, distributing, assembling, selling, and/or otherwise intentionally placing pressure cookers into the stream of commerce and into Texas, including the Subject Pressure Cooker that proximately caused Plaintiff's injury.

36.   It was the duty of Defendants to design, manufacture, test, market, advertise, label, distribute, and sell the Ninja Foodi(s) so they are reasonably safe for foreseeable use.

37. At the time the Subject Pressure Cooker left the hands of Defendants, it contained on or more conditions that rendered it defective and unreasonably dangerous in light of its nature and intended use.

38. At all relevant times, the Subject Pressure Cooker was used in the manner intended, recommended, or reasonably foreseeable by Defendants. There were and are no other reasonable, secondary causes of Plaintiff's injuries and damages other than the use of the Subject Pressure Cooker.

39. The Subject Pressure Cooker was defectively labeled, and such defects rendered the Subject Pressure Cooker unreasonably dangerous to users, operators, bystanders, and other persons in the proximity of the Subject Pressure Cooker. When it left the hands of Defendants, the foreseeable risks exceeded the benefits associated with the manufacture and/or formulation of this product.

40. Defendants failed to give adequate and proper warnings and instructions regarding the dangers of the Subject Pressure Cooker, and such failures rendered the Subject Pressure Cooker defective and unreasonably dangerous.

41. Among other things, Defendants were negligent and grossly negligent for their failure to adequately warn purchasers, users, and/or operators of:

    a. Dangers associated with foreseeable use of the Subject Pressure Cooker;

    b. Dangerous associated with temperature of the food, water, and steam within the Subject Pressure Cooker;

    c. Dangers associated with venting system within the Subject Pressure Cooker; and

    d. Dangers associated with opening the Subject Pressure Cooker.

**D.     Negligence and Gross Negligence**

42.     Plaintiff hereby incorporates by reference all paragraphs in this Complaint here.

43.     Defendants had a duty to exercise reasonable care in the design, manufacture, testing, sale, labeling, and/or distributing of the Ninja Foodi into the stream of commerce, including a duty to assure that the product did not cause unreasonable or unnecessary injury.

44.     Defendants and their agents, servants, and employees, for whose acts they are responsible, breached the duty of care through their negligent acts and omissions.  Defendants were negligent in designing, manufacturing, marketing, maintaining, distributing, selling, and/or supplying the Subject Pressure Cooker; and by placing an unsafe product into the stream of commerce; and by failing to discover or warn of the dangers associated with the use of the Ninja Foodi, despite having actual or constructive knowledge of such dangers.

45.     Defendants and their agents, servants, and employees engaged in certain acts and omissions constituting negligence, including but not limited to, the following:

a.     Failing to design, manufacture, distribute, and sell a pressure cooker that is sufficient to avoid imminent, dangerous contact with scalding food, steam, and water within the Subject Pressure Cooker;

b.     Faling to design, manufacture, distribute, and sell a pressure cooker with sufficient safeguards to avoid severe burns to users of the Subject Pressure Cooker;

c.     Failing to provide warnings to users of the dangers associated with the venting system within the Subject Pressure Cooker;

d.     Failing to design, manufacture, distribute, and sell a pressure cooker in a condition that would allow it to operate as safely as reasonable consumers, purchasers, users, and/or operators would expect;

e.     Failing to provide reasonable and adequate warnings to suppliers, purchasers, and users of the Subject Pressure Cooker to alert operators of the dangerous conditions described above;

f.      Failing to adopt and/or implement proper quality control procedures;

g.      Failing to identify dangers;

h.      Failing to hire employees capable of proper manufacture, assembly, inspection, testing, and/or quality control procedures;

i.      Failing to train employees capable of proper manufacture, assembly, inspection, testing, and/or quality control procedures;

j.      Failing to  monitor employees in the proper manufacture, assembly, inspection, testing, and/or quality control procedures;

k.      Selling a product that was defective, unreasonably dangerous, and unfit for use by purchasers, consumers, operators, and users;

l.      Failing to exercise ordinary care in discharging its duties as a manufacturer and/or seller of dangerous products;

m.      Failing to investigate complaints and/or issues raised with malfunctions and/or possible injuries correlating to use of the Subject Pressure Cooker; and

n.      Other acts deemed negligent, grossly negligent, and/or creating an unreasonably dangerous condition.

46.     These acts of negligence and gross negligence, among others, were a proximate cause of Plaintiff's injuries.

**E.     Respondeat Superior**

47.     Plaintiff hereby incorporates by reference all paragraphs in this Complaint here.

48.     At all relevant times, all agents, servants, and/or employees of Defendants were acting within the course and scope of employment and/or official duties.  Furthermore, at all relevant times, all agents, servants, and/or employees of Defendants were acting in furtherance of the duties of their office and/or employment.

49.     Therefore, Defendants are vicariously responsible for all damages resulting from the negligent acts and/or omissions of its agents, servants, and/or employees under the doctrine of *respondeat superior*.

## DAMAGES

50.     Plaintiff's damages include, *inter alia*, injuries including first and second degree burns to her face, chest, arms, and upper body which has resulted in severe pain, physical impairment, discomfort, mental anguish, distress, and other medical problems.  Plaintiff has incurred medical expenses, and is likely to incur future medical expenses, for the treatment of injuries caused by Defendants' negligence.

51.     Therefore, Plaintiff brings suit for the following damages:

      a.     past and future medical expenses;

      b.     past and future physical pain and suffering;

      c.     past and future mental anguish;

      d.     past and future physical impairment;

      e.     past and future disfigurement;

      f.     past and future lost wages and lost earning capacity; and

      g.     exemplary damages.

## RESERVATIONS

52.     Plaintiff reserves the right to assert or re-assert any claim, cause of action, or theory of liability or damages against any party, notwithstanding the filing of any amended or supplemental pleading.   The filing of any subsequent pleadings as "amended" or "supplemental" shall not convey that Plaintiff has intended to abandon, waive, or non-suit any party, claim, cause of action, or theory of liability or damages, unless expressly stated therein.

## DEMAND FOR JURY TRIAL

53.     Plaintiff demands a trial by jury on all claims.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear herein and, after a trial on the merits, that the Court enter judgment awarding Plaintiff actual damages and additional damages as allowed by law, costs of court, pre- and post-judgment interest to the maximum extent as allowed by law, and all such other and further relief, both general and special, at equity and at law, to which Plaintiff may be justly entitled.

Respectfully submitted,

ARMSTRONG LEE & BAKER LLP

By: /s/ Scott P. Armstrong
      Scott P. Armstrong
      S.D. Tex. No. 2591285
      State Bar No. 24092050
2800 North Loop West, Ste. 900
Houston, Texas 77092
Telephone:  (832) 709-1124
Facsimile:   (832) 709-1125
sarmstrong@armstronglee.com
service@armstronglee.com
**Attorney-in-Charge for Plaintiff**

**Of Counsel:**

**ARMSTRONG LEE & BAKER LLP**
Kelly M. Viktorin
State Bar No. 24088676
S.D. Tex. Bar No. 2192248
Camille B. Gonzalez
State Bar No. 24142947
S.D. Tex. Bar No. 3899588
2800 North Loop West, Ste. 900
Houston, Texas 77092
Telephone: (832) 709-1124
Facsimile: (832) 709-1125
kviktorin@armstronglee.com
cgonzalez@armstronglee.com